# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EARL P. THOMAS,
               Appellant,

      v.

OFFICE OF PERSONNEL
    MANAGEMENT,
               Agency.

DOCKET NUMBER
SF-0845-16-0467-I-1

DATE: August 5, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Earl P. Thomas, Victorville, California, pro se.

Carla Robinson, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) finding that he had been overpaid annuity benefits under the Federal Employees' Retirement System (FERS) and that he did not qualify for a waiver of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

collection or adjustment of the collection schedule. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant applied for FERS disability retirement benefits on January 20, 2005, which OPM approved on March 30, 2005, with an effective date of April 5, 2005. Initial Appeal File (IAF), Tab 5 at 40, 45-47, 56-58. By letter dated September 18, 2005, OPM provided the appellant with information concerning the effect that his receipt of any Social Security Administration Disability Insurance Benefits (SSADIB) would have on his FERS disability retirement annuity. *Id.* at 54-55. The letter informed the appellant of his obligation to report to OPM the denial or approval of any SSADIB award; stated that if the Social Security Administration (SSA) sent a retroactive payment, he should hold the award until he received notice of the amount of any overpayment from OPM; and noted that he would be legally obligated to repay the overpayment of any FERS benefits. *Id.*

¶3        By notice dated February 14, 2015, OPM notified the appellant that he received a FERS disability annuity overpayment of $75,972.00 for the period

from July 1, 2006, through January 30, 2015, and that OPM would commence collecting the overpayment starting on May 1, 2015, by reducing his FERS annuity by $197.71 per month over 384 installments, with a final installment of $51.36. *Id.* at 13-14. The appellant sought reconsideration of OPM's decision, requesting a waiver or reduction of the debt or a reduction in the monthly installment amount, but not challenging the existence or amount of the overpayment. *Id.* at 10-12. OPM denied the appellant's waiver request and affirmed its initial decision in a reconsideration decision dated April 5, 2016. *Id.* at 6-9. The appellant timely appealed to the Board thereafter. IAF, Tab 1.

¶4 Because the appellant did not request a hearing, the administrative judge issued an initial decision based on the written record, affirming OPM's reconsideration decision. IAF, Tab 1 at 1, Tab 2 at 1, Tab 12, Initial Decision (ID) at 10-19. He found that OPM met its burden of proving the existence and amount of the overpayment. ID at 9; IAF, Tab 1 at 7, Tab 11 at 7. He also determined that the appellant's claim that he did not receive OPM's notices informing him of his obligation to set aside any retroactive payment from SSA was unpersuasive, noting that the appellant initially reported to OPM that his SSADIB application was denied but did not later inform OPM that his reconsideration request was accepted. ID at 15-16. As such, the administrative judge determined that the appellant knew or should have known of his obligation to disclose his entitlement to SSADIB effective July 1, 2006, when he accepted payments that he knew or should have known were erroneous (that is, they were unreduced FERS annuity payments without the required SSADIB offsets). ID at 16-17. The administrative judge thus concluded that the appellant failed to prove his entitlement to a waiver of collection or to an adjustment of the overpayment amount and did not demonstrate that he was without fault in receiving the overpayment. ID at 17.

¶5 Additionally, the administrative judge found that the appellant failed to demonstrate financial hardship and was not entitled to an adjustment of the

recovery schedule, noting that the appellant did not submit a completed Financial Resources Questionnaire with his reconsideration request and, aside from claiming general financial hardship and identifying some income and expenses, did not provide sufficient information to properly evaluate a financial hardship claim. ID at 17-19. Consequently, the administrative judge affirmed OPM's reconsideration decision and recovery schedule of 384 monthly installments of $197.71 with a final installment of $51.36. ID at 18.

¶6 On review, the appellant does not challenge the administrative judge's findings concerning the existence or amount of the overpayment or his lack of entitlement to a waiver. Petition for Review (PFR) File, Tab 1. Instead, he generally asserts that the initial decision contains erroneous findings and that he disagrees with the outcome of the decision. *Id.* The agency has filed a response to the petition for review, arguing that review should not be granted. PFR File, Tab 4.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7 OPM bears the burden of proving the existence and amount of an annuity overpayment by preponderant evidence.[3] *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 10 (2011); 5 C.F.R. § 845.307(a). The

---

[2] The appellant filed a reply to OPM's response to his petition for review that was entered into the Board's electronic record on January 3, 2017, which would make the filing untimely filed by 4 days. PFR File, Tab 5; *see* 5 C.F.R. § 1201.114(g). However, the stamp on the fax cover page indicating the date that the Board received the filing is illegible, and the appellant's self-completed fax cover page notes a filing date of December 20, 2016, which would make the filing timely filed. PFR File, Tab 5 at 1. In the reply, the appellant challenges the administrative judge's finding that he was not without fault in creating the overpayment and generally disputes the administrative judge's factual determinations. *Id.* at 4-6. Although we have considered the appellant's submission, we find that it does not present any argument or evidence that would warrant a different outcome in this case.

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

appellant has the burden of proving by substantial evidence[4] that he is entitled to a waiver or adjustment of the overpayment. *Vojas*, 115 M.S.P.R. 502, ¶ 18; 5 C.F.R. §§ 845.307(b), 1201.56(b)(2)(ii). Recovery of an overpayment may be waived when the annuitant is without fault and recovery would be against equity and good conscience. 5 U.S.C. § 8470(b); *Vojas*, 115 M.S.P.R. 502, ¶ 18; 5 C.F.R. § 845.301.

¶8      Recovery of an overpayment is against equity and good conscience if it would cause financial hardship, the appellant can show he relinquished a valuable right or changed positions for the worse due to the overpayment, or it would be inequitable otherwise under the circumstances, i.e., unconscionable. *Vojas*, 115 M.S.P.R. 502, ¶ 22; 5 C.F.R. § 845.303. The standard for unconscionability is a high one and is granted only under exceptional circumstances. *Taylor v. Office of Personnel Management*, 87 M.S.P.R. 214, ¶ 18 (2000).

¶9      Under OPM's Policy Guidelines, "[i]ndividuals who are aware that they are receiving overpayments are obligated by the principles of equity and good conscience to set aside the amount overpaid pending recoupment by OPM." IAF, Tab 5 at 71. OPM's Guidelines also dictate that an individual should be found to be without fault if they promptly (within 60 days) contacted OPM to question the correctness of the payments. *Id.* at 67-68; *see Vojas*, 115 M.S.P.R. 502, ¶ 20. Additionally, "[u]nless there are exceptional circumstances, recovery by OPM in those cases [where the monies should have been set aside] is not against equity and good conscience." IAF, Tab 5 at 71. Financial hardship is not an exceptional circumstance; exceptional circumstances involve egregious errors or delays by OPM, such as a failure to issue a written decision within 4 years of a request for waiver. *Id.*

---

[4] Substantial evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p).

¶10     We agree with the administrative judge's findings that OPM met its burden of proving the existence and amount of the overpayment, that the appellant was not without fault in the creation of the overpayment, and that he was ineligible for a waiver. ID at 11-17. In so finding, the administrative judge determined that there was sufficient record evidence to conclude that the appellant was aware of a potential overpayment, despite his claim that he did not receive or did not recall receiving OPM's letters in March 2005 and September 2005. ID at 15; IAF, Tab 11 at 7-8. The administrative judge also noted that the appellant admitted to learning that he had received an overpayment in 2014 but still did not alert OPM at that time. ID at 15-16. Although the appellant disputes the administrative judge's ultimate finding that he was not entitled to a waiver, he has not offered any new or material evidence that would cast doubt on this conclusion. PFR File, Tab 1. Further, the appellant has not offered any new evidence demonstrating financial hardship sufficient to warrant a reduction in his installment payment amount.

¶11     Accordingly, we find that the administrative judge properly weighed the evidence and provided sound reasoning for his findings. The appellant has not provided a basis to disturb those findings. *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). We therefore deny the petition for review and affirm the initial decision.[5]

---

[5] OPM has advised the Board that it may seek recovery of any debt remaining upon an appellant's death from the appellant's estate or other responsible party. A party responsible for any debt remaining upon the appellant's death may include an heir (spouse, child, or other) who is deriving a benefit from the appellant's Federal benefits, an heir or other person acting as the representative of the estate if, for example, the representative fails to pay the United States before paying the claims of other creditors in accordance with 31 U.S.C. § 3713(b), or transferees or distributers of the appellant's estate. *Pierotti v. Office of Personnel Management*, 124 M.S.P.R. 103, ¶ 13 (2016).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.